IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04755-GPG

JASUR MAHMADOR,

Petitioner,

v.

JUAN BALTHAZAR, Warden, Aurora Detention Center,

Respondent.

---

# ORDER

---

Before the Court is Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1). Petitioner seeks release (*id*. at 4).[1] Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] The Court must construe the Petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Based on the allegations in the Complaint, this case is one of numerous garden-variety cases[2] in this District and across the country seeking habeas relief for immigrants detained within the United States but denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). The Tenth Circuit has now conclusively resolved the interpretation of this statute in favor of Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).

The primary legal dispute underlying the Petition has been resolved for this Circuit and expeditious relief is warranted to those in Petitioner's circumstances. *See Santillan Quiroz,* 180 F.4th at 1251 n.13 (requiring "the district court must grant Santillan Quiroz's petition forthwith"). Although the Court will not order Petitioner's immediate release, it will order a bond hearing. *See id*. Respondent has taken to filing responses indicating that they will not be filing a brief in opposition in these types of cases, so an Order to Show Cause would result in unnecessary delay. Should Respondent wish to raise an argument in opposition to the grant of relief, they should do so expeditiously.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, requiring a bond hearing at which the government bears the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3

---

[2] The only way in which this case may depart from the garden variety is that Petitioner may have been initially detained at the border before being paroled into the United States and then rearrested in the interior (D. 1 at 8–12) (release on "own recognizance" dated Apr. 27, 2023). Courts in this District, including this Court, have uniformly rejected the proposition that the so-called "entry fiction" reattaches to or can be applied to those paroled into the country. *E.g., Babiuk v. Warden*, No. 26-CV-01559-NYW, 2026 WL 2425950, at *2 (D. Colo. Aug. 19, 2026); *Mota Villareal v. Baltazar*, No. 26-CV-02030-PAB, 2026 WL 2640620, at *1 (D. Colo. Sept. 8, 2026). For the same reasons, it cannot be applied to Petitioner.

(holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondent shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondent has the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). Additionally, Respondent SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondent is ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondent is further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, the reasons for that denial, and a copy of any IJ order denying bond. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED September 30, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge