IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04755-GPG

JASUR MAHMADOV, A#245-816-675,

Petitioner,

v.

JUAN BALTHAZAR, Warden, Aurora Detention Center,

Respondent.

---

**ORDER**

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Petition) (D. 1). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.[1]

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

On October 22, 2026, the Court ordered Respondent "to SHOW CAUSE within fourteen days why the Petition should not be granted and Petitioner released on the basis that the process under which he was redetained violated his due process rights" (D. 11).

[1] The Court must construe the Petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Petitioner file other documents, which the Court finds moot in light of the granting of the Petition (*see* D. 10; D. 12).

Respondent states:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents release Petitioner from detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

(D. 14).[2]

In view of Respondent's failure to oppose the Petition, which states a viable claim for unlawful detention, or provide a basis for denial, it is ORDERED that the Petition (D. 1) is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284)))

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondent may not impose additional or more onerous conditions on Petitioner than those that were imposed prior to his arrest. Respondent shall file a status report within five (5) days of this Order certifying compliance.

It is FURTHER ORDERED that Respondent is ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[3] or from imposing conditions in excess

---

[2] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

[3] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.

of those already in place prior to Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

DATED November 5, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge